IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TIRONE KENNETH BROWN,<br><br>Plaintiff,<br><br>vs.<br><br>EXPERION INFORMATION SOLUTIONS,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE WITHOUT PREJUDICE<br><br>Case No. 2:10-CV-1036 TS |

This matter is before the Court for review of the Magistrate Judge's June 1, 2011 Report & Recommendation. The Magistrate Judge recommended the Complaint be dismissed because Plaintiff failed to appear and show cause why the case should not be dismissed and had earlier failed to appear at the initial pretrial conference. The Report and Recommendation notified Plaintiff he had ten days to file an objection to the Report and Recommendation and that the failure to file an objection may constitute waiver of those objections on appellate review. Plaintiff has not filed any objection.

If, as in this case, there is no objection to the Report and Recommendation, the

Court applies the "clearly erroneous" standard.[1] Under the clearly erroneous standard, this Court will affirm the Magistrate Judge's ruling "unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"[2]

Having reviewed the Report and Recommendation and the docket the Court finds that the Report and Recommendation is not clearly erroneous. Accordingly, it is therefore

ORDERED that the Magistrate Judge's Report and Recommendation (Docket No. 21) is ADOPTED IN FULL. It is further

ORDERED that this case is DISMISSED WITHOUT PREJUDICE. The Scheduling order is VACATED.

This case may be closed forthwith.

DATED August 30, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[1] 28 U.S.C. § 636(b)(1) (requiring de novo review of only "those portions of the report or specified proposed findings or recommendations to which objection is made") and Fed. R. Civ. P. 72(b) (3) (same).

[2] *Ocelot Oil Corp. v. Sparrow Industries,* 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.,* 333 U.S. 364, 395 (1948)).